DISTRICT OF OREGON
F I L E D
April 24, 2023
Clerk, U.S. Bankruptcy Court

Below is an opinion of the court.

_____
TERESA H. PEARSON
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>DAVID HOWARD SMITH,<br><br>      Debtor. | Case No. 22-31498-thp13 |
| KATHERINE A. SMITH,<br><br>      Plaintiff,<br><br>    v.<br><br>DAVID HOWARD SMITH,<br><br>      Defendant. | Adv. Proc. No. 22-03062-thp<br><br>MEMORANDUM DECISION[1] |

      This matter came before the court on plaintiff Katherine A. Smith's motion for summary judgment [ECF 10]. Plaintiff filed this adversary proceeding to except a judgment debt owed to her by defendant David Howard Smith from discharge under 11 U.S.C. § 523(a)(4) and to deny defendant's general discharge under 11 U.S.C. § 727(a)(2)(A) and (B). The court has

---

[1] This disposition is specific to this case. It may be cited for whatever persuasive value it may have.

Page 1 of 12 - MEMORANDUM DECISION

reviewed the documents submitted and considered the parties' arguments. For the reasons set forth below, the court grants plaintiff's motion to except the judgment debt defendant owes to plaintiff from discharge under 11 U.S.C. § 523(a)(4). The court denies plaintiff's motion to deny defendant's general discharge under 11 U.S.C. §§ 727(a)(2)(A) and (B).

## Factual Background

### A. Undisputed Facts

The material facts are undisputed. Plaintiff and defendant are sister and brother. Their mother was Geraldine J. Smith, who established the Geraldine J. Smith Revocable Trust (the "Trust"). Geraldine J. Smith passed away, and at relevant times defendant was the trustee of the Trust.

In 2015, plaintiff sued defendant for breach of fiduciary duty in the Circuit Court of the State of Oregon for Washington County. That case went to trial on March 3, 2016. The summary judgment record includes a docket of the case and a transcript of the trial. Defendant did not appear at the trial. After noting that defendant was served, Circuit Court Judge Theodore E. Sims took exhibits and testimony from plaintiff. Judge Sims ruled in favor of plaintiff and entered a General Judgment on March 23, 2016 (the "State Court Judgment"). In the State Court Judgment, Judge Sims made the following findings of fact:

> THIS MATTER HAVING REGULARLY COME BEFORE THE UNDERSIGNED JUDGE OF THE ABOVE ENTITLED COURT for trial on March 3rd, 2015 [sic: 2016], plaintiff appearing in person, defendant not appearing, the court having reviewed the file, taken testimony and received exhibits in evidence and now being fully informed in the premises, finds that the Trust continues to have income from oil and gas interests, half of which are, under the terms of the trust, to go to Plaintiff, that Defendant is in breach of his fiduciary duties as trustee of the trust in that he has failed to properly account for the assets and income of the trust, has diverted trust assets to his own use and benefit, has failed to comply with prior orders of this court to disclose information and financial documents to plaintiff, the sanction for which is that plaintiff is entitled to recover $1,937.06 in attorneys' fees, and has ignored his obligations to make required disbursements to plaintiff and, in general, to fulfill his duties as trustee, finding generally in favor of plaintiff except that, plaintiff having failed to comply with ORS 31.725 et seq., the court denies her prayer for punitive damages;

Based on these findings of fact, Judge Sims awarded a money judgment to plaintiff against defendant in the sum of $119,700, attorney fees and costs and disbursements of $1,937.06, and post-judgment interest at the statutory judgment rate of nine percent per annum. The State Court Judgment also required defendant to provide access to certain personal property to plaintiff and to arrange for payment of certain accrued and future payments from third parties to be made directly to plaintiff instead of to defendant as trustee.

**B.      Bankruptcy Proceedings**

Defendant filed bankruptcy under chapter 13 on September 12, 2022. The initial meeting of creditors was scheduled for October 11, 2022, and plaintiff timely filed this adversary proceeding on November 28, 2022.[2]

## Issues Presented

1.      Is plaintiff entitled to summary judgment that the State Court Judgment is nondischargeable under 11 U.S.C. § 523(a)(4)?

2.      Is plaintiff entitled to summary judgment that defendant's general discharge must be denied under 11 U.S.C. § 727(a)(2)(A) and (B)?

## Discussion and Analysis

The court shall grant summary judgment if the moving party shows there is no genuine dispute of material fact and that the moving party is entitled to judgment as a matter of law.[3] All facts and inferences must be viewed in the light most favorable to the nonmoving party.[4] Once the moving party shows the absence of an issue of material fact, the non-moving party must go beyond the pleadings and designate specific facts showing a genuine issue for trial.[5] The nonmoving party then bears the burden of persuasion to show there is a material

---

[2] 11 U.S.C. § 523(c)(1); Fed. R. Bankr. P. 4007(c).
[3] Fed. R. Civ. P. 56(a), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).
[4] *Caneva v. Sun Communities Operating L.P. (In re Caneva)*, 550 F.3d 755, 760 (9th Cir. 2008).
[5] *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553.

factual dispute remaining for trial.⁶ A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact,⁷ and summary judgment may be granted.⁸ "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"⁹

Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."¹⁰

## A. Plaintiff is entitled to summary judgment under 11 U.S.C. § 523(a)(4) that the Judgment is nondischargeable.

Plaintiff seeks a determination that the State Court Judgment is nondischargeable. A debt for fraud or defalcation in a fiduciary capacity is not dischargeable under 11 U.S.C. § 523(a)(4). Whether a debtor is a fiduciary and whether his actions constitute defalcation are governed by federal law.¹¹ To establish liability under this provision, a creditor must prove: (1) there is an express trust; (2) the debt is created by fraud or defalcation; and (3) the debtor acted as a fiduciary to the creditor when the debt was created.¹²

In this case, there is no dispute or doubt that the Trust is an express trust and that defendant was the trustee of the Trust. State law determines whether the express or technical trust relationship exists.¹³ "[T]he applicable state law must clearly define fiduciary duties and identify trust property."¹⁴ The Trust, as amended, is a written instrument, that among other things, describes the establishment of a trust relationship, identifies trust property, and sets forth the duties of the trustee. Whether a debtor is a fiduciary under section 523(a)(4) is a question of federal law. A fiduciary relationship under this statute must arise from an express or technical

---

⁶ *Caneva*, 550 F.3d at 761.
⁷ *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989).
⁸ *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511 (1986).
⁹ *Matsushita Elec. Ind. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).
¹⁰ *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.
¹¹ *Mele v. Mele (In re Mele)*, 501 B.R. 357, 363 (9th Cir. BAP 2013).
¹² *Otto v. Niles (In re Niles)*, 106 F.3d 1456, 1459 (9th Cir. 1997), *abrogated on other grounds by Bullock v. Bankchampaign, N.A.*, 569 U.S. 267, 274, 133 S.Ct. 1754, 1759-60 (2013).
¹³ *Ragsdale v. Haller*, 780 F.2d 794, 796 (9th Cir. 1986).
¹⁴ *Honkanen v. Hopper (In re Honkanen)*, 446 B.R. 373, 379 (9th Cir. BAP 2011).

trust that exists before the alleged defalcation.[15]  Defendant is identified as the successor trustee to Geraldine J. Smith in the Trust documents,[16] and defendant admits that he is the trustee. Thus, the first and third elements of the plaintiff's claim are satisfied.

To establish the second element of her claim, plaintiff relies upon the State Court Judgment.  Defendant does not dispute the State Court Judgment exists and is a valid judgment, but he does dispute that this court can give preclusive effect to the State Court Judgment to satisfy the elements of a claim under 11 U.S.C. § 523(a)(4).

1.   *The law regarding issue preclusion.*

Issue preclusion applies in nondischargeability actions under section 523(a).[17] This court must apply the law of the state that rendered a state court judgment to determine the preclusive effect of the judgment in a subsequent federal suit (including a dischargeability proceeding).[18]  In Oregon, issue preclusion bars relitigation of an issue of law or fact when that issue or fact has been determined in a prior proceeding.[19]  "If a claim is litigated to final judgment, the decision on a particular issue or determinative fact is conclusive in a later or different action between the same parties if the determination was essential to the judgment."[20] Issue preclusion applies both to issues of fact and issues of law.[21]

In Oregon, the requirements for the application of issue preclusion are:  (1) the issue in the two proceedings is identical; (2) the issue was actually litigated and was essential to

---

[15] *Lewis v. Scott (In re Lewis)*, 97 F.3d 1182, 1185 (9th Cir. 1996).
[16]  Under the terms of the Trust, Geraldine J. Smith was the initial trustee.  If no other trustee were appointed, when Geraldine J. Smith died, the Trust provides defendant would be appointed as trustee.  There is no evidence that Geraldine J. Smith appointed anyone else as trustee.
[17] *Peltier v. Van Loo Fiduciary Servs., LLC (In re Peltier)*, 643 B.R. 349, 357-58 (9th Cir. BAP 2022), *citing Grogan v. Garner*, 498 U.S. 279, 111 S. Ct. 654 (1991).
[18] *Gayden v. Nourbakhsh (In re Nourbakhsh)*, 67 F.3d 798, 800 (9th Cir. 1995).  Federal courts are required to give state court judgments full faith and credit. 28 U.S.C. § 1738.
[19] *McCall v. Dynic USA Corp.*, 138 Or. App. 1, 5, 906 P.2d 295, 297 (1995).
[20] *North Clackamas School Dist. v. White*, 305 Or. 48, 53, 750 P.2d 485, 487, *modified on recons.*, 305 Or. 468, 752 P.2d 1210 (1988).
[21] *Dinicola v. State*, 280 Or. App. 488, 497, 382 P.3d 547, 553 (2016) (*citing Drews v. EBI Cos.*, 310 Or. 134, 140, 795 P.2d 531, 535 (1990)).

a final decision on the merits in the prior proceeding; (3) the party sought to be precluded has had a full and fair opportunity to be heard on that issue; (4) the party sought to be precluded was a party or was in privity with a party to the prior proceeding, and (5) the prior proceeding was the type of proceeding to which the court will give preclusive effect.[22]

At the summary judgment stage, issue preclusion applies as a matter of law only if it can be conclusively established from the record that all these requirements are satisfied.[23] The party asserting issue preclusion has the burden of proof on the first, second, and fourth requirements, at which point the burden shifts to the party against whom preclusion is asserted to prove the third and fifth requirements are not met.[24]

Oregon recognizes three exceptions where a prior proceeding may not be entitled to preclusive effect: (1) where it is apparent the verdict resulted from a jury compromise, (2) where the prior judgment is manifestly erroneous, and (3) where crucial or newly discovered evidence exists that was previously unavailable, and it appears that evidence would have a significant effect on the prior proceeding's outcome.[25]

### 2. *The facts found in the State Court Judgment are entitled to preclusive effect in this case.*

The fourth and fifth requirements for issue preclusion do not require extensive discussion, as defendant does not challenge them and the record plainly shows they are satisfied. Both plaintiff and defendant in this case were parties in the state court case and are parties in this case. A civil action in Oregon Circuit Court is the type of proceeding to which this court will give preclusive effect.[26]

---

[22] *Nelson v. Emerald People's Util. Dist.*, 318 Or. 99, 104, 862 P.2d 1293, 1296-97 (1993).
[23] *Barackman v. Anderson (Barackman I)*, 338 Or. 365, 372, 109 P.3d 370, 374 (2005).
[24] *Thomas v. U.S. Bank Nat'l Assoc.*, 244 Or. App. 457, 469, 260 P.3d 711, 719 (2011); *Barackman v. Anderson (Barackman II)*, 214 Or. App. 660, 666-67, 167 P.3d 994, 999 (2007).
[25] *State Farm Fire & Cas. Co. v. Century Home Components, Inc.*, 275 Or. 97, 108-10, 550 P.2d 1185, 1190-91 (1975).
[26] *See Erwin v. Oregon ex rel. Kitzhaber*, 231 F. Supp. 2d 1003, 1008 (D. Or. 2001), *aff'd sub nom. Erwin v. Oregon*, 43 F. App'x 122 (9th Cir. 2002).

### a. The first requirement for issue preclusion.

Defendant challenges the first requirement for issue preclusion. Defendant argues the issues in the state court case and this case are not identical because, under federal law governing nondischargeability, defalcation requires a culpable state of mind,[27] but no such state of mind is required to prove breach of fiduciary duty under state law.[28]

While there is substantial overlap between the elements of a claim for breach of fiduciary duty under Oregon law and the elements of a claim for nondischargeability for defalcation in a fiduciary capacity, defendant is correct that the claims are not identical. Federal law requires scienter that state law does not. Thus, this court cannot simply conclude that because plaintiff obtained the State Court Judgment for breach of fiduciary duty that she has also established a right to have the debt deemed nondischargeable in this case.

This is not the end of the analysis, however. This court also must consider issue preclusion arising from the facts found by the state court. To the extent those facts were essential to the State Court Judgment, those facts are conclusive in subsequent actions between plaintiff and defendant, including this adversary proceeding.

Judge Sims made specific findings of fact regarding defendant's actions. He held that defendant "failed to properly account for the assets and income of the trust, has diverted trust assets to his own use and benefit, has failed to comply with prior orders of this court to disclose information and financial documents to plaintiff, the sanction for which is that plaintiff is entitled to recover $1,937.06 in attorneys' fees, and has ignored his obligations to make required disbursements to plaintiff and, in general, to fulfill his duties as trustee, . . . ." Those facts were essential to the State Court Judgment because they were directly relevant to the

---

[27] *Bullock*, 569 U.S. at 274, 133 S.Ct. at 1759-60.
[28] "Under Oregon law, the elements of a claim for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) breach of a fiduciary duty, and (3) identifiable loss or injury as a result of the breach." *Noel v. Hall*, 2012 WL 3241858, *16 (D. Or. Aug 7, 2012), *report and recommendation adopted*, 2012 WL 3241814 (D. Or. Aug. 7, 2012), *aff'd*, 525 F. App'x 633 (9th Cir. 2013) (internal quotation omitted).

elements of a claim for breach of fiduciary duty under Oregon law. As a result, this court must treat those facts as conclusively established when it evaluates the claims in this case.

### b. The second and third requirement for issue preclusion.

Defendant next challenges the second and third requirements for issue preclusion, which are that the issues of defendant's liability for breach of fiduciary duty were actually litigated and that defendant had a full and fair opportunity to be heard in the state court. Upon review of the undisputed facts, including the state court docket and a transcript from the trial, this court finds that these requirements for issue preclusion are satisfied.

Plaintiff has the burden of showing that the issues were actually litigated. The record shows this burden is met. The State Court Judgment was not a default judgment. Defendant appeared in the state court case and successfully filed a motion to strike the initial complaint. Plaintiff subsequently amended her complaint. Later, the state court held a trial. At trial, plaintiff appeared but defendant did not. Judge Sims swore in plaintiff as a witness and received exhibits. Plaintiff provided evidence to the court regarding defendant's fiduciary duty and failure to comply with it. Judge Sims signed and entered his judgment approximately three weeks after the trial concluded. The docket indicates defendant later attempted to set aside the state court judgment, an effort that appears to have been unsuccessful.

Defendant has the burden of showing he did not have a full and fair opportunity to participate in the state court litigation. He has not met this burden. Defendant has provided no evidence that he was unaware of the case or the trial date, or that he was incapable of appearing at trial had he chosen to do so. At trial, Judge Sims specifically noted defendant was served with the amended complaint:

> "The pleading that appears to be the most recent one you filed, which was on September 25, and it appears that that was served on Mr. Smith. And if he doesn't show up, then he's got to accept the consequences of what the Court does in his absence. It's not – it's not your job to ask to postpone for his convenience. He's the one that needs to show up."

Although there is some dispute about whether defendant really was out of town on a business trip at the time of trial or not, this is not a material fact. The real question is whether defendant had the *opportunity* to appear at trial. He did. It is not relevant that plaintiff had filed motions to move the trial date, as defendant's reliance on those motions would not be justified, particularly after plaintiff's first motion to postpone was denied. There was no guarantee that the state court would agree to plaintiff's second and third requested postponement—and, in fact, it did not.

### c. None of the exceptions for issue preclusion apply.

Defendant argues that the State Court Judgment is manifestly erroneous, on the basis that Judge Sims did not have adequate evidence to support his findings of fact. Specifically, defendant asserts there was insufficient evidence to show a causal link between defendant's breach of his fiduciary duties and the damages awarded in the State Court Judgment.

This court has reviewed the transcript of the state court trial and cannot conclude that Judge Sims' findings were manifestly erroneous. Judge Sims did caution plaintiff near the outset of the hearing that plaintiff could not "make up" a number for damages. As a result, later in the hearing he asked, and heard plaintiff explain, why she thought she was entitled to damages and how much they were. Plaintiff provided a basic explanation for those numbers in her testimony. While plaintiff, who was *pro se*, may not have presented her testimony and exhibits as clearly and concisely as a lawyer might have, she did provide testimonial evidence to support her position. Some of that evidence may have been subject to objection. Defendant complains there was no evidence presented regarding the true value of his mother's home or what qualifications plaintiff had to value the property. Defendant also criticizes Judge Sims for the fact that he "did not even question why Defendant, who was the other 50% beneficiary, would want to sell the property for $50,000 less than it was worth." But, of course, it was not Judge Sims' responsibility to make defendant's case for him, or to raise defendant's evidentiary objections on defendant's behalf, when defendant was absent from trial. The exception to issue preclusion for manifest error does not apply here.

The State Court Judgment did not arise from a jury verdict, so the exception to issue preclusion arising from jury compromise does not apply. Defendant has not established that there was any evidence that was previously unavailable to him that would have affected the state court case, and so the exception to issue preclusion arising from unavailable evidence does not apply.

    3. *Analysis of plaintiff's claim for nondischargeability after applying issue preclusion in this case.*

This court must give preclusive effect to the state court's decision that defendant breached his fiduciary duty and to the facts found in the State Court Judgment. The question is whether these facts, plus any additional undisputed facts contained in the record on summary judgment, are sufficient to show defalcation in a fiduciary capacity for purposes of federal bankruptcy law. Specifically, this court must determine whether undisputed facts satisfy the requirements to show the culpable state of mind required by the Supreme Court in *Bullock*.

While culpability clearly occurs when the fiduciary engages in bad faith, moral turpitude, or other immoral conduct, or intentional improper conduct or criminally reckless conduct, *Bullock*'s culpability requirement does not require a subjective intent to cause harm.[29] In *Bullock*, the Supreme Court recognized that defalcation for purposes of section 523(a)(4) includes "not only conduct that the fiduciary knows is improper but also reckless conduct of the kind that the criminal law often treats as the equivalent. Where actual knowledge of wrongdoing is lacking, we consider conduct as equivalent if the fiduciary 'consciously disregards' (or is willfully blind to) 'a substantial and unjustifiable risk' that his conduct will turn out to violate a fiduciary duty. . . . That risk 'must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation.'"[30]

---

[29] *In re Heers*, 529 B.R. 734, 742-43 (9th Cir. BAP 2015).
[30] *Bullock*, 569 U.S. at 274, 133 S.Ct. at 1759-60 (internal citations omitted).

Judge Sims found as fact that defendant failed to account for trust assets, diverted trust assets to his own use, failed to follow court orders, ignored obligations to make disbursements to plaintiff, and in general, failed to fulfill his fiduciary duties.  It is undisputed that defendant is a certified public accountant—he is not an untrained layperson with no experience in financial matters.  This court has no trouble concluding from these facts that defendant's disregard of his duties as a trustee of his mother's trust was a gross deviation from the standard of conduct that a law-abiding person would expect of such a trustee in defendant's situation and with defendant's background and experience.  No rational finder of fact would be able to find to the contrary.

Once the plaintiff has established these facts, the burden shifts to the defendant to show there is a genuine issue of material fact regarding his culpability.  Defendant has not met this burden on summary judgment.  Although defendant described in his declaration what some of his actions were regarding the sale of his mother's house, those facts relate to whether defendant breached his fiduciary duty as trustee or not—a matter that has already been litigated in state court and cannot be relitigated in this court.  These facts do not address or relate to defendant's mental state or culpability.  Defendant produced no evidence regarding his lack of culpability.  For example, defendant provides no excuse for his actions as trustee—he does not provide evidence that he committed innocent mistakes, that he did not understand his role as trustee, that he was ill and unable to complete his duties, or any other plausible grounds to find that he is not culpable.

4. *Plaintiff is entitled to summary judgment under 11 U.S.C. § 523(a)(4).*

On the record of this case, plaintiff has met her burden to show there is no material dispute of fact about all three elements of her claim for nondischargeability under section 523(a) based on defendant's defalcation in his fiduciary capacity as a trustee, and therefore, plaintiff is entitled to summary judgment.

**B.  Plaintiff is not entitled to summary judgment under 11 U.S.C. §§ 727(a)(2)(A) and (B), because those sections do not apply in Chapter 13 cases.**

Defendant filed his bankruptcy case under Chapter 13 and not under Chapter 7. 11 U.S.C. §§ 727(a)(2)(A) and (B) are in Subchapter II of Chapter 7 of Title 11. Subchapter II of Chapter 7 applies only in Chapter 7 cases and does not apply in Chapter 13 cases.[31] Therefore, 11 U.S.C. §§ 727(a)(2)(A) and (B) do not apply to this Chapter 13 case. In a Chapter 13 case, a debtor's discharge is governed by 11 U.S.C. § 1328.

Because Plaintiff cannot establish that 11 U.S.C. §§ 727(a)(2)(A) and (B) apply to this case, the court must grant summary judgment in favor of defendant on this claim.

**C.  Conclusion.**

For the reasons set forth above, the court (1) grants plaintiff's motion to except the State Court Judgment debt defendant owes to plaintiff from discharge under 11 U.S.C. § 523(a)(4); and (2) denies plaintiff's motion to deny defendant's general discharge under 11 U.S.C. §§ 727(a)(2)(A) and (B). The court will enter a judgment accordingly.

# # #


cc:   Katherine A. Smith
      Michael D. O'Brien

---

[31] 11 U.S.C. § 103(b).